Memorandum. In this article 78 proceeding to review and annul the Municipal Housing Authority’s determination that petitioner be evicted from a public housing project, we hold that a public housing authority may require a tenant to periodically furnish information concerning his income (and may provide to that effect in the lease), and may commence proceedings to evict a tenant in the event that the tenant fails, neglects or refuses to provide such information.
Pursuant to regulations promulgated by the State Commissioner of Housing and Community Renewal, it is the responsibility of a local public housing authority to review, at least once a year, the income of each tenant and members of each tenant’s household. (9 NYCRR 1627-2.2 [c].) To this end a tenant is required to furnish information concerning his income and that of any member of his household, and his failure, neglect or refusal to furnish such information or to cooperate in the verification of reported income is to be considered "non-cooperation”. (9 NYCRR 1627-2.11.) "Non-cooperation” is one of the grounds upon which a housing authority may institute summary proceedings to evict a tenant. (9 NYCRR 1627-6.3 [a] [4].) Likewise, willful misrepresentation or concealment by a tenant of any material fact which would affect his eligibility for continued occupancy or which would have a bearing on the rent to be paid is another ground for eviction. (9 NYCRR 1627-6.3 [a] [2].)
Here, paragraph 10 of the lease provides that the "Tenant hereby agrees to report to the Landlord any increase in the aggregate family income within one day prior to the first day *222 of the month following the date such increase is received.” This provision merely restates the Authority’s right to receive such information and the tenant’s duty to provide it. Since the record contains substantial evidence to support the determination that petitioner failed, neglected or refused to furnish information as to her income during the second quarter of 1971 and the first quarter of 1972, we conclude that under both the lease and the regulations cited above the Authority was entitled to determine that she should be evicted on the basis that she failed to report income.
Petitioner’s reliance upon 9 NYCRR 1627-2.6 [c] [5] [i], which provided, in part, at the time this proceeding was commenced, that "[i]ncome reviews are not required of families or persons receiving full or partial monetary welfare assistance”, is misplaced. Nothing in that section forbids such a review; instead, it merely relieves the Authority of that responsibility as to one class of tenants. Indeed, to read this as forbidding an income review would directly contradict the regulations previously cited. We note that this ambiguity has been clarified in that the quoted language has been removed and the same section now provides in relevant part that "[i]ncome reviews may be omitted for families or persons with no source of income other than monetary welfare assistance but an authority may require such reviews for all or any such families or persons.” (9 NYCRR 1627-2.6 [c] [5] [iii].)
Accordingly, the judgment of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Fuchsberg and Cooke concur; Judges Gabrielli, Jones and Wachtler dissent and vote to reverse on the dissenting memorandum by Mr. Justice Fred J. Munder at the Appellate Division (47 AD2d 522).
Judgment affirmed, without costs, in a memorandum.